IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LUCAS CANTON SCHNEIDER,

    Plaintiff,

v.

UNKNOWN NAMED FEDERAL EMPLOYEES, *et al.*

    Defendants.

Case No. 3:25-cv-00024-RRB

## ORDER OF DISMISSAL UPON SCREENING

Self-represented litigant Lucas Canton Schneider ("Plaintiff") filed this case in the U.S. District Court for the Southern District of Illinois.[1] The Illinois Court severed his claims against the "Unknown Named Federal Employees" in Belleview, Illinois, and transferred his remaining claims to U.S. District Court for the District of Alaska.[2] Plaintiff's remaining claims are against the Alaska Department of Corrections ("DOC"), State of Alaska Agencies, and two Alaska state court judges.[3] Plaintiff alleges "ongoing judicial abuse, malicious prosecution, denial of medical care, illegal surveillance, and obstruction of justice, forced surgical implants, electronic harassment, electronic torture but not limited to,[sic] spanning multiple states and jurisdictions, resulting in severe physical, emotional, and financial harm."[4] Plaintiff claims the State of Alaska, its agencies—including but not limited to the Alaska Department of Corrections (DOC), the Alaska Court System, the

---

[1] Docket 1.

[2] Docket 10.

[3] Docket 1 at 1.

[4] Docket 12-1.

Alaska Psychiatric Institute (API), and corporations with ties to China—engaged in unlawful actions such as denial of medical care, improper detention, medical experimentation, chemical warfare, and interference with his bank accounts.[5] Plaintiff believes unnamed federal and state actors have engaged in a coordinated effort to monitor, intimidate, and obstruct Plaintiff, following him across multiple states from Alaska to Washington, Oregon, Missouri, Florida, and Illinois.[6] Plaintiff alleges he has been subjected to similar attacks in Denver and Las Vegas, and he claims that after months of alleged chemical attacks throughout the southern United States, he was forced to return to Alaska "out of desperation."[7] However, the Court notes that Plaintiff filed a motion in this case seeking an order to quash a forthcoming arrest warrant and stop his extradition to Alaska.[8]

Plaintiff filed similar claims in the U.S. District Court for the Eastern District of Missouri shortly after filing this case,[9] and his claims are not new to the Court. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[10] of the previous federal lawsuits filed by Plaintiff containing similar allegations of an ongoing conspiracy by unnamed individuals that have been dismissed by the Court.[11] Plaintiff has

---

[5] Docket 12-1 at 3.

[6] Docket 12-1 at 3.

[7] Docket 15 at 4.

[8] Docket 11.

[9] *See Schneider v. Unknown Named FBI Agents, et al.,* Case No. 3:25-cv-00078-SLG.

[10] A court may take judicial notice of its own files and records. Fed. R. Evid. 201. The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a Pacer login and password in the Clerk's Office during regular business hours.

[11] *See, e.g., Schneider v. Unknown named F.B.I. agent(s),* Case No. 3:23-cv-00261-JMK (dismissing claims against unnamed FBI agents); *Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK, Docket 13 (denying Plaintiff's motion to add unnamed federal authorities—allegedly

Case No. 3:25-cv-00024-RRB, *Schneider v. Unknown named Government of U.S.A.*
Order of Dismissal
Page 2 of 5
Case 3:25-cv-00024-RRB     Document 18     Filed 09/25/25     Page 2 of 5

filed several "emergency" motions and alleges he "cannot pursue remedies in Alaska due to bias and unjust delays in the Alaska courts."[12] He appears to base this on his disagreement with the Court's dismissals of his previous claims, the timeframe in which the Court issued orders on his previous emergency motions, and the resignation of a former district court judge.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Complaint fails to state a plausible claim for relief and his claims appear to be time-barred by the statute of limitations.[13] While the instant Complaint includes allegations of recent harms incurred since Plaintiff was released from prison, his claims all relate to the same theory of an ongoing conspiracy by unnamed individuals.[14] Further, the Court finds this case both frivolous and duplicative of prior lawsuits that have been dismissed as frivolous.[15] Plaintiff may not repeatedly file claims that have been previously dismissed with prejudice[16] and, even liberally construed, Plaintiff's current claims lack an arguable basis in law and fact.

---

involved in a conspiracy to conduct medical experimentation, prevent him from accessing medical care, and assist the state criminal courts in violating his rights—as defendants in his case).

[12] Docket 1 at 1.

[13] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024). *See also Belanus v. Clark,* 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

[14] *See, e.g., Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK, Docket 13 (denying Plaintiff's motion to add unnamed federal authorities—allegedly involved in a conspiracy to conduct medical experimentation, prevent him from accessing medical care, and assist the state criminal courts in violating his rights—as defendants in his case).

[15] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

[16] *Amina v. WMC Finance Co.,* 329 F.Supp.3d 1141 (2018).

Case No. 3:25-cv-00024-RRB, *Schneider v. Unknown named Government of U.S.A.*
Order of Dismissal
Page 3 of 5
Case 3:25-cv-00024-RRB     Document 18     Filed 09/25/25     Page 3 of 5

The Court has carefully reviewed all of Plaintiff's filings. Plaintiff fails to allege any plausible facts supporting his conclusory allegations and fails to allege an affirmative link between a specific injury and the conduct of a specific defendant.[17] The Court recognizes that pleadings filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[18] However, this leniency does not require the Court to rewrite deficient pleadings.[19] Additionally, a court is not required to accept what is pled in a complaint as true "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[20] Plaintiff's pattern of filing similar claims alleging various claims of conspiracy undermines the credibility of his current allegations, as does the contradictory information contained in his filings. The Court cannot indefinitely entertain or address Plaintiff's repeated and unfounded filings. Because the Court finds amendment would be futile, this case must be DISMISSED with prejudice.

Finally, the Court reviewed Plaintiff's motions upon filing and found no basis to expedite ruling on Plaintiff's multiple motions. The Court has denied Plaintiff's similar motions for emergency injunctions, motions for change of judge, and motions including multiple requests. The Court cautioned Plaintiff that any future filings must comply with all Court orders and the applicable rules of civil procedure. In the interests of judicial

---

[17] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[18] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[19] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[20] *Denton,* 504 U.S. at 33.

economy—and again finding no basis to grant an emergency injunction—the Court screened Plaintiff's Complaint and issued this order in due course.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

4. Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis or any claims that have been previously dismissed with prejudice.

5. The Clerk shall issue a final judgment and close this case.

DATED this 25th day of September, 2025 at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00024-RRB, *Schneider v. Unknown named Government of U.S.A.*
Order of Dismissal
Page 5 of 5
Case 3:25-cv-00024-RRB   Document 18   Filed 09/25/25   Page 5 of 5